UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOEL SANDERS, | CIVIL ACTION NO. 2:24-cv-01069 |
| **Plaintiff,** | SECTION: "A" |
| VERSUS | JUDGE: JAY C. ZAINEY |
| SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY EAST, | MAGISTRATE NO. 3 |
| KELLI CHANDLER, in her capacity as Executive Director, MICHAEL BRENCKLE, in his capacity as agent | MAGISTRATE: EVA J. DOSSIER |
| **Defendants.** | |

### DEFENDANTS KELLI CHANDLER AND MICHAEL BRENKLE'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

**I.  INTRODUCTION**

Plaintiff Noel Sanders sues his former employer, the Southeast Louisiana Flood Protection Authority - East, under Title VII for race discrimination and retaliation. In addition to suing the Authority directly, he has also named the Authority's former Regional Director, Kelli Chandler, in her official capacity, and Captain Michael Brenkle of the Orleans Levee District Police, in his capacity as an agent of Defendants. His claims against Chandler and Brenkle in their official capacity are redundant of his claims against the Authority and so must be dismissed. To the extent the Complaint makes claims against Chandler and Brenkle personally, those claims are due to be dismissed because they are not employers who can be held liable under Title VII.

**II.  THE STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

Motions for judgment on the pleadings are analyzed under the same standards as motions to dismiss for failure to state claim under Rule 12(b)(6). *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to

1

relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). All well-pleaded factual allegations in the complaint should be taken as true when deciding a Rule 12(c) motion. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). Where the plaintiff can prove no set of facts in support of his claims that would entitle him to relief, a motion for judgment on the pleadings is properly granted. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). *Terrebonne Parish NAACP v. Jindal*, 154 F. Supp. 3d 354, 361 (M.D. La. 2015).

### III. THE RELEVANT ALLEGATIONS OF THE COMPLAINT

Plaintiff was employed by the Southeast Louisiana Flood Protection Authority – East as a police officer on the force of the Orleans Levee District Police.[1] Kelli Chandler was the Regional Director of the Authority.[2] Captain Brenkle was Plaintiff's supervisor.[3] The Complaint names Chandler a defendant "in her official capacity" and names Brenkle in his "capacity as an agent.'"

### IV. NAMING BOTH A PUBLIC AGENCY AND THE HEAD OF THE AGENCY IN THEIR OFFICIAL CAPACITY IS REDUNDANT

Since Plaintiff has sued SLFPA-E directly, official capacity claims against Chandler, Brenkle, Lopardi, and Pinkston are redundant and must be dismissed. Judge Feldman explained this principle in *Wright v. City of Harahan,* 2020 WL 815289 (E.D. La. 2020), a prior suit in which the plaintiff sued both the SLFPA – E and its then Police Superintendent, Kerry Najolia in his official capacity.

> Official-capacity suits " 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because the entity is the real party in interest, "an official-

---

[1] Complaint Paragraph 3.

[2] Complaint Paragraph 1. Plaintiff refers to Chandler as Executive Director. Her official title was Regional Director. The title is not relevant to the issues here.

[3] Complaint Paragraphs 5, 7, and 13.

capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166.

Wright's official-capacity claims against Chief Najolia are treated as claims against Chief Najolia's employer, the Flood Protection Authority. See LA. REV. STAT. § 38:330.7(B) (authorizing the Flood Protection Authority to employ a superintendent of police to "supervise the police security personnel of all levee districts within its territorial jurisdiction").

When a plaintiff sues a government official and the governmental entity, as Wright has here, "[t]he official-capacity claims and the claims against the governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2006). The official-capacity claims become redundant. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010). Because redundant official-capacity claims create only clutter, courts routinely dismiss them. *See, e.g., Brown v. City of Houston, Tex.*, No. H-17-1749, 2019 WL 7037391, at *4 (S.D. Tex. Dec. 20, 2019) (collecting cases); *see also Marceaux v. Lafayette City-Parish Consol. Gov't*, 614 F. App'x 705, 706 (5th Cir. 2015) (per curiam) (affirming dismissal of official-capacity claims against municipal officers as redundant of claims against the municipality).

Because Plaintiff's official capacity claims against the Individual Defendants are redundant of his claims against SLFPA – E, they should be dismissed with prejudice.

## V. THE INDIVIDUAL DEFENDANTS ARE NOT PROPER DEFENDANTS IN THEIR INDIVIDUAL CAPACITY

To the extent the Complaint is read to be asserting Title VII race discrimination and retaliation claims against Chandler and Brenkle personally, the claims must be dismissed. Title VII liability does not attach to individuals, but only employers. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (*citing Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir.1999)). "While Title VII's definition of the term employer includes 'any agent' of an employer, Congress's purpose was merely to import respondeat superior liability into Title VII." *Id.* (*citing Indest*, 164 F.3d at 262). Accordingly, individual employees cannot be liable to a plaintiff in either their personal or official capacities. *See Smith*, 298 F.3d at 449.

- 4 -

## VI. CONCLUSION

Wherefore Defendants Kelli Chandler and Michael Brenkle pray that Plaintiff's claims against them be dismissed with prejudice.

Dated: January 23, 2025.

                                                          Respectfully submitted,

                                                          */s/ Edward F. Harold*
                                                          EDWARD F. HAROLD
                                                          Louisiana Bar No. 21672
                                                          LARRY J. SOROHAN
                                                          Louisiana Bar No. 26120
                                                          FISHER & PHILLIPS LLP
                                                          201 St. Charles Avenue, Suite 3710
                                                          New Orleans, Louisiana 70170
                                                          Telephone: (504) 522-3303
                                                          Facsimile: (504) 529-3850
                                                          Email:  eharold@fisherphillips.com
                                                                        lsorohan@fisherphillips.com

                                                          **COUNSEL FOR DEFENDANTS**